## 21622

The STATE, Appellant, v. Jimmy Floyd HARRIS, Respondent.
(286 S. E. (2d) 137)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy P. Funkhouser, Columbia,* and *Sol. Norman E. Fogle,* Orangeburg, *for appellant.*

*I. S. Leevy Johnson, of Johnson, Toal & Battiste,* Orangeburg, *for respondent.*

January 6, 1982.

HARWELL, Justice:

Respondent was charged with possession of heroin with intent to distribute simple possession of marijuana, and unlawful possession of marijuana, and unlawful possession of a pistol. He was apprehended and his automobile searched pursuant to information given to police by a confidential informer. A search warrant was never obtained. At trial respondent moved to suppress the evidence found as a result of the alleged illegal search and seizure. The trial judge granted the motion and the State appeals. We affirm.

On July 24, 1980, a confidential, reliable informer notified a detective from the Orangeburg Sheriff's Department that "Jimmy", a 35 year old, six feet tall, 200 pound man with a bald, slick head and a goatee, dressed in a tank top and denim pants, had a load of heroin in his car. The informer described the vehicle as a green and white Cadillac bearing North Carolina license tags and pulling a motorcycle on a trailer. Even though the detective's office and the magistrate's office were located within the same complex, the detective did not obtain an arrest or search warrant before stopping a vehicle fitting the description. Respondent, who fit the informer's description, was driving the vehicle. A police officer advised respondent that he had information that respondent was in possession of drugs and that he wanted to search the automobile at the law enforcement complex. Respondent replied,

"That's cool." A law enforcement officer drove respondent's car while respondent was transported in another vehicle to the complex. As the officer exited the respondent's vehicle at the complex he inadvertently placed his hand on a .38 caliber pistol which was under the arm rest that divided the front seat. Respondent was immediately arrested for unlawful possession of a pistol and was incarcerated at the complex. Subsequently, a search of respondent's vehicle produced 27 packets of a white powderlike substance found in a panel between the back seat and the trunk, $19,800 found in the trunk, and small to minute amounts of marijuana found in a suit hanging in the back seat, inside a motorcycle helmet in the trunk, and inside a zipped clothing bag in the trunk.

We agree with the trial court that the search of respondent's vehicle at the complex there were illegal. No search warrant was ever obtained. Although there are several exceptions to the warrant requirement, the State's counsel conceded at oral argument that it relied solely on the consent exception. Consent is recognized as an exception to the general rule that searches conducted without a warrant are unreasonable. *State v. Peters* 271 S. C. 498, 248 S. E. (2d) 475 (1978). However, the State bears the burden of proving the voluntariness of a consent to search from the totality of the surrounding circumstances. *State v. Wallace,* 269 S. C. 547, 238 S. E. 675 (1977). Also, the determination of voluntariness of consent is a question of fact for the trial judge. *State v. Bailey,* S. C., 274 S. E. (2d) 913, 1981. The trial judge determined that in view of the surrounding circumstances, "That's cool" did not constitute a consent to search. We agree. "That's cool" as a response to a declaration that the police officer wanted to search the vehicle at the complex was not a voluntary consent.

Accordingly, the order granting respondent's motion to suppress is affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.