21836

The STATE, Respondent, v. Donald Ray PERRY, Appellant.
(299 S. E. (2d) 324)

*Deputy Appellate Defender David W. Carpenter,* of *S. C. Commission of Appellate Defense,* and *W. Gaston Fairey* and *Asst. Public Defender Edward Mullineaus,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Martha L. McElveen,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Jan. 3, 1983.

LITTLEJOHN, Justice:

Appellant Donald Ray Perry was indicted and convicted of (1) murder, (2) kidnapping and (3) criminal sexual conduct in the first degree. The jury at the conclusion of the penalty phase of the bifurcated trial, recommended a sentence of life in prison for murder. The trial judge sentenced Appellant to consecutive sentences of confinement of (1) life for murder, (2) life for kidnapping, and (3) thirty years for criminal sexual conduct, first degree. Appellant appeals.

On the evening of March 5, 1981, Dr. Mary Heimberger had dinner with two friends at a restaurant in Richland County. After having dinner, she left the restaurant alone in her own automobile. Her associates became alarmed the next day when she failed to report to work. Police officers were notified and began a preliminary investigation of her disappearance.

Two young boys subsequently found her dead body in a wooded area and notified the authorities. Upon examination of the victim's body, it was found that she had been sexually assaulted and shot to death. Appellant was arrested, charged and convicted of the murder, kidnapping and criminal sexual assault of the victim.

The first question of alleged trial error submits that: The trial court erred, in violation of the Sixth and Fourteenth amendments to the U.S. Constitution and the State right to counsel afforded by the Defense of Indigents Act, when the court denied appellant access to counsel during a recess of court between appellant's testimony on direct examination and cross-examination.

It is claimed that the rights of the Appellant, guaranteed by both the United States Constitution and the Constitution of South Carolina have been violated. The United States Constitution provides in relevant part in Article VI:

In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense.

The Constitution of South Carolina provides, in Article I, Section 14, that:

Any person charged with an offense shall enjoy the right ... to be fully heard in his defense by himself or by his counsel or by both.

We hold that these rights have not been violated.

The incident giving rise to the question happened as follows: at trial, the defense called numerous witnesses including the Appellant himself. After the Appellant completed his direct testimony, the court announced, "court will be in recess for about fifteen minutes." The judge ordered that the Appellant not speak to his attorney during the recess. Consultation not being permitted, counsel for the defense moved for a mistrial contending that the Appellant had been denied adequate representation of counsel because the court denied him the right to talk to his client between the direct examination and the cross examination — a period of about fifteen minutes.

The right of an accused person to be adequately represented by counsel is fundamental. Cases need not be cited for the proposition that the denial of right to counsel is of such constitutional magnitude as to command a new trial. The question we must answer in this case, framed differently from that stated by the Appellant is whether the judge's denial of brief consultation after direct examination and before cross examination violated the Appellant's constitutional right to a fair trial so as to necessitate the case be tried again. Counsel for the Appellant relies largely upon the case of *Geders v. United States*, 425 U.S. 80, 96 S. Ct. 1330, 47 L.Ed. (2d) 592 (1976) to support his claim of reversible error. In that case, there was an overnight recess, a total of approximately seventeen hours, during which time the trial judge instructed counsel and client to refrain from conferring with each other. Mr. Chief Justice Burger, speaking for the Court, held the sequestration under these circumstances to be reversible error, saying:

> The challenged order prevented petitioner from consulting his attorney during a 17-hour overnight recess, when an accused would *normally confer* with counsel. *We need not reach, and we do not deal with limitations imposed in other circumstances.* We hold that an order preventing petitioner from consulting his counsel "about anything" during a 17-hour overnight recess between his direct and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment. (Emphasis added.)

We attach significance to the words "normally confer." Normally, counsel is not permitted to confer with his defendant client between direct examination and cross examination. Should counsel for a defendant, after direct examination, request the judge to declare a recess so that he might talk with his client before cross examination begins, the judge would and should unhesitatingly deny the request. The fact that the court did not wish to declare a completely inflexible rule is emphasized by the second footnote. The Court preceded the footnote with this statement in the opinion:

> Other courts have concluded that an order preventing a defendant from consulting his attorney during an overnight recess infringes upon this substantial right.

The footnote then added:

> *United States v. Leighton*, 386 F. (2d) 822 (CA 2 1967), on which the Court of Appeals relied, involved an embargo order preventing a defendant from consulting his attorney during a brief routine recess during the trial day, a matter we emphasize is not before us in this case.

Our affirmance of the case is not inconsistent with *Geders*. Nor, do we think that the other case upon which counsel largely relies for reversal justifies a new trial. That case is *United States v. Allen*, 542 F. (2d) 630 (4th Cir. 1976) U.S., *cert. denied*, 430 U.S. 908, 97 S. Ct. 1179, 51 L.Ed. (2d) 584. Therein, A. D. Allen, Jr., Ann Allen and Aubry Joe Allen were on trial for causing stolen merchandise to be transported in interstate commerce. All were convicted. During the trial, Ann Allen was denied the right to confer with counsel overnight (same as *Geders*). A. D. Allen was denied the right to confer with counsel during a twenty-minute recess. The Fourth Circuit Court of Appeals reversed the conviction of A. D. Allen. In so ruling, the Court said:

> We agree and hold that a restriction on a defendant's right to consult with his attorney during a brief routine recess is constitutionally impermissible, but we apply the new rule prospectively only.

It is obvious that the Court followed *Geders* in reversing the conviction of Ann Allen. It is equally obvious that the Court

used the case of A. D. Allen as a vehicle for declaring a new rule of court extending *Geders* and actually inconsistent with the intimations therein. The ruling will, we suppose, be binding on the trial judges in the Fourth Circuit until the Supreme Court of the United States decrees otherwise. The prospective ruling is not in any event binding on the Supreme Court of South Carolina. The United States Supreme Court was meticulous in *Geders* in refraining from declaring the rule which the Fourth Circuit Court of Appeals later promulgated prospectively. If we should follow the prospective ruling, which we refuse to do, we would merely hold that Appellant's conviction is affirmed and declare a rule prospectively. Prospective rulings are sometimes appropriate but should be promulgated sparingly. Certainly, this Court should not promulgate a rule even prospectively with which we are not in accord. Extensions of the rule substitute form for substance and disregard the basic proposition that Appellant in this case simply was not denied a fair trial. He was entitled to a fair trial but not a perfect one.

We are more in agreement with the reasoning of the Court in the case of *United States v. DiLapi*, 651 F. (2d) 140 (2d Cir. 1981), wherein the Second Circuit Court of Appeals held that even if a brief denial of the right to confer with counsel existed, there was not even a remote risk of actual prejudice. Assuming without so holding that denial of right to confer with counsel for some given period of time might warrant a finding of prejudice per se, the constitutional guarantees do not require a presumption of prejudice under all circumstances whatsoever. Such is consistent with both *Geders* and the result, if not the prospective rule, in *Allen*.

Trial judges in South Carolina, as elsewhere, are allowed a wide discretion in the trial of cases. This is as it should be because a trial judge experiences "a feel of the case" which oftentimes may not be detected from a cold printed record. When counsel for Appellant moved for a mistrial on the basis of the trial judge's directive, the trial judge gave a well-reasoned explanation for his actions:

. . . Mr. Perry has testified on direct examination. He was in a sense then a ward of the Court. He was not entitled to be cured or assisted or helped approaching his cross examination. I felt

in fairness to the State that was proper and accept full responsibility for it. . . .

Next, Appellant challenges the admission in evidence of certain statements given by him to police officers.

Appellant argues his constitutional rights to silence and self incrimination were violated by the police in obtaining these statements from him.

The trial judge made a finding that Appellant's statements were free and voluntary. The finding is abundantly supported by the record. Appellant never in any manner invoked his right to silence, which would have prevented further interrogation by the authorities. It is our conclusion that the statements admitted at the trial were not obtained in violation of Appellant's constitutional rights.

Appellant further argues that the Solicitor's closing argument was improper and constituted reversible error. We find that the State's closing argument is well within the perimeters as set forth by the previous rulings of this Court. We find no error.

The Appellant argues, finally, that the trial court erred in sentencing him to life in prison for kidnapping. We agree and vacate only the kidnapping life imprisonment sentence. The *Code of Laws of South Carolina* (Cum. Supp. 1981), § 16-3-910 defines kidnapping and provides the punishment as follows:

> Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by a parent thereof, shall be guilty of a felony and upon conviction, shall suffer the punishment of life imprisonment *unless sentenced for murder as provided in* § 16-3-20. (Emphasis added.)

Inasmuch as the Appellant has been sentenced to life imprisonment for murder (which we affirm), the Code section precludes a life imprisonment sentence for kidnapping. We so held in *State v. Copeland, et al.*, filed November 10, 1982.

In summary, we vacate the life imprisonment sentence for kidnapping because of the statutory provision. The statute does not mandate a vacation of the kidnapping conviction. It

merely provides that either the life imprisonment sentence or the death penalty sentence required in a murder conviction shall be sufficient punishment. The kidnapping conviction is, accordingly, affirmed. We affirm the conviction and sentence of the Appellant for murder and for criminal sexual assault first degree.

Affirmed in part.

Reversed in part.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I disagree.

As the majority points out, the Supreme Court in *Geders*, supra, held that an order preventing a defendant from consulting with counsel during an overnight recess, when an accused would *normally confer* with counsel, is constitutionally impermissible. The majority properly attaches particular significance to the words "normally confer," but then misplaces the analogy.

The majority distinguishes the present case from *Geders* by observing that counsel is not normally permitted to confer with the defendant between direct and cross-examination. I fail to see the distinction, as the recess in *Geders* also occurred between direct and cross-examination. Rather, the *Geders* court recognized a defendant would normally confer with counsel during an overnight recess; likewise, a defendant would normally confer with counsel during a short routine recess.

I agree with the Fourth Circuit decision in *State v. Allen*, supra, which held the Sixth Amendment right to counsel is so fundamental that it should never be interfered with for any length of time absent some compelling reason. See also *Stubbs v. Bordenkircher*, 689 F. (2d) 1205 (4th Cir. 1982). To allow defendants to be deprived of counsel during court-ordered recesses is to assume the worst of our system of criminal justice, i.e., that defense lawyers will urge their clients to lie under oath. I am unwilling to make so cynical an assumption,

it being my belief that the vast majority of lawyers take seriously their ethical obligations as officers of the court.

Even if that assumption is to be made, the *Geders* opinion pointed out that opposing counsel and the trial judge are not without weapons to combat the unethical lawyer. The prosecutor is free to cross-examine concerning the extent of any "coaching," or the trial judge may direct examination to continue without interruption until completed. Additionally, as noted in *Allen*, a lawyer and client determined to lie will likely invent and polish the story long before trial; thus, the State benefits little from depriving a defendant of counsel during short recesses.

I think the Sixth Amendment right to counsel far outweighs the negligible value or restricting that right for a few minutes during trial. I would hold that a restriction on a defendant's right to consult with his attorney during even a brief routine recess is constitutionally impermissible and reverse.

Reversed.