0783

William Thurmond BURNETT, Respondent v. Frances Williamson BURNETT, Appellant.

(347 S. E. (2d) 908)

Court of Appeals

*Angela Scutero* and *C. David Sawyer, Jr.,* of *Griffith, Coleman, Sawyer & Breibart,* Lexington, *for appellant.*

*Joe F. Anderson, Jr.,* of *Anderson, Anderson & Anderson,* Edgefield, and *William R. Keesley,* Johnston, *for respondent.*

Heard June 18, 1986.

Decided Aug. 25, 1986.

SANDERS, Chief Judge:

This is an appeal from a divorce decree which incorporated a property settlement and separation agreement previously entered into between appellant Frances Williamson Burnett and respondent William Thurmond Burnett. We affirm.

After twenty-three years of marriage, Mrs. Burnett chose to permanently separate from Mr. Burnett and their two children. Mr. Burnett is a funeral director and the owner of the Edgefield Mercantile Funeral Home. He also serves as the coroner for Edgefield County. Mrs. Burnett has been employed for twenty-seven years as a secretary for the Sheriff for Edgefield. One of the two children is emancipated but still lives with Mr. Burnett. The other child is a

high school student and also lives with him. Prior to their separation, Mr. and Mrs. Burnett lived in an apartment on the second floor of a funeral home owned by him. Mr. Burnett and the children still live there.

Shortly after their separation, Mr. Burnett consulted a lawyer and had an agreement drafted purporting to settle all obligations which he and Mrs. Burnett had or might thereafter have to each other, except for child support. Both Mr. and Mrs. Burnett signed the agreement.

By the terms of the agreement, Mrs. Burnett received $6,000 for her interest in a jointly owned flower shop, $8,000 of its existing cash, a savings account containing $8,600, a checking account containing $502.82 and a fully paid for 1980 Oldsmobile station wagon previously titled in the name of the funeral home. Mr. Burnett received the jointly owned flower shop, his funeral home and all of its other assets including the second floor apartment and its contents, consisting of household goods and furnishings.

The agreement further provided that Mrs. Burnett waived her right to alimony "for the reason she now has for many years been capable of supporting herself and is now supporting herself in her chosen occupation."

After Mr. and Mrs. Burnett had been separated for a year, he petitioned for a divorce, seeking to have the agreement approved by the Court and incorporated in the divorce decree.

Mrs. Burnett answered and counter-claimed, seeking to have the agreement declared null and void or modified so as to award her alimony and a more equitable division of marital property.

After a full hearing, the trial judge approved the agreement and incorporated it in the divorce decree.

This appeal followed.

Mrs. Burnett argues that she did not enter into the agreement freely and voluntarily and it is not fair. Where one party seeks court approval of a settlement agreement entered into between a husband and wife and the other party repudiates it, the Court must first determine if the agreement was entered into freely and voluntarily and next determine if it is fair under all circumstances. *Doe v. Doe,* 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985).

There is neither any evidence that Mrs. Burnett was compelled to enter into the agreement as a result of being overreached or subjected to any duress, nor is there any evidence that she was not of sound mind or under any unusual stress, other than the stress normally attendant to the breakup of a marriage. She admitted that her husband did not threaten or pressure her into signing the agreement and that she did not sign it in his presence. She also admitted that she did not change her mind about the agreement until almost a year later when Mr. Burnett purchased another funeral home which she thought was a bad investment. Based on these facts, we find that Mrs. Burnett entered into the agreement freely and voluntarily.

In deciding whether an agreement is fair, it is not the task of the Court to decide the rights of the husband and wife as if there had been no agreement. *See Funderburk v. Funderburk*, 286 S. C. 129, 131, 332 S. E. (2d) 205, 206 (1985) ("If the court determines that the husband's generosity toward the wife in the property settlement arose from a desire to quickly get out of the marriage or to atone for past wrongs, he shall weigh these factors heavily. An agreement shall not be voided as unfair merely because the agreement did not divide the property on the basis of the parties' relative incomes and contributions to the marriage."). Rather, the Court must decide if the agreement is within the bounds of reasonableness from both a procedural and substantive perspective.

Mrs. Burnett was advised both by her husband and his lawyer that she had a right to consult a lawyer of her own but chose not to do so. However, she did obtain advice on the agreement from a friend and requested a modification before signing it. The modification was agreed to by Mr. Burnett and was made by his lawyer. Mrs. Burnett either knew the income and assets of Mr. Burnett or had access to this information. Based on these facts, we find that the agreement is procedurally fair.

We also find from our review of the evidence that the agreement is substantively within the bounds of reasonableness. No useful purpose would be served by our reciting the facts which cause us to reach this result. To do so would involve reciting essentially all of the evidence contained in

the record and would be of no precedential value because the facts of every case are different. Suffice it to say that we find the agreement to be within the bounds of reasonableness under the facts in this case. This is not to say that we necessarily would have decided the rights of Mr. and Mrs. Burnett exactly as they agreed, but as we have said, this is neither our task nor was it the task of the trial judge in deciding whether to approve the agreement. After all, when a husband and wife freely and voluntarily enter into an agreement which is procedurally fair, they should be in a better position than any judge to know whether it is substantively fair.

For these reasons, the order of the trial judge is

Affirmed.

SHAW and BELL, JJ., concur.