22652

The STATE, Respondent v. Alvin OWENS, Appellant.

(352 S. E. (2d) 474)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Sept. 17, 1986.

Decided Jan. 12, 1987.

CHANDLER, Justice:

Appellant, Alvin Owens (Owens), was convicted of kidnapping and sentenced to life imprisonment.

We affirm.

## FACTS

Mr. Ernest Vereen disappeared from his Horry County home some time between the evening of October 10 and the morning of October 11, 1984. There was evidence that a slight struggle had occurred in the kitchen. On the evening of the eleventh, Mr. Vereen's son, Alan, received a typewritten ransom demand for $250,000. Mr. Vereen's driver's license was included in the envelope.

On October 13, Alan Vereen delivered $75,000 in ransom to a location specified by a telephone caller who identified himself as his father's captor. Owens was observed picking up the money and was followed by law enforcement officers to his home. He was arrested and all but $18 of the $75,000 was recovered from him.

At trial, the State established that:

1. Owens rented a portable Brother typewriter on October 6, 1984, and returned it on October 8.

2. The ransom note was typed on either a Brother or a Remington typewriter. It was "very possible" that the rented typewriter was used to prepare the ransom note since tests showed no inconsistencies between the note and exemplars taken from the Brother.

3. The note stated that Mr. Vereen was in the author's custody.

4. Pieces of paper with language similar to that in the ransom note were found in Owens' bedroom, some of which had his fingerprints on them.

5. On October 13, 1984, Owens contracted to buy a new car. He told the salesman he expected to receive a $200,000 insurance settlement at his attorneys' offices in the near future, from which funds he would purchase the car. There was no such settlement.

## ISSUE

The single issue we address is whether the trial court erred in denying Owens' motion for a directed verdict.

## DISCUSSION

Owens moved for a directed verdict on the grounds the State had failed to prove the corpus delicti of kidnapping and, even if a kidnapping had been shown, there was no proof of his involvement in it.

The crime of kidnapping requires proof that the defendant: (1) unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted or carried away; (2) any other person; (3) by any means whatsoever; (4) without authority of law. S. C. Code Ann. § 16-3-910 (1985).

On appeal from the denial of a defendant's motion for directed verdict, this Court must view the evidence in the light most favorable to the State. The trial judge must submit a case to the jury if there is any evidence, direct of circumstantial, which reasonably tends to prove the guilt of the accused, or from which guilt may be fairly and logically deduced. *State v. Schrock*, 283 S. C. 129, 322 S. E. (2d) 450 (1984).

When the State undertakes to prove a crime by circumstantial evidence, the proof must point conclusively to the guilt of the accused and must be absolutely inconsistent with any other reasonable hypothesis. That is, the evidence must produce a reasonable and moral certainty that the accused, and no one else, committed the crime. *Schrock; see also State v. Miller*, 287 S. C. 280, 337 S. E. (2d) 883 (1985); *State v. Manis*, 214 S. C. 99, 51 S. E. (2d) 370 (1949).

The term "corpus delicti," when referring to any particular offense, means that the specific crime has been committed. *State v. Teal*, 225 S. C. 472, 82 S. E. (2d) 787 (1954). The corpus delicti of kidnapping was established circumstantially by the evidence of a struggle in the Vereen home and the fact that Mr. Vereen remained missing at the time of trial.

While the State offered no evidence directly connecting Owens with the events at the Vereen home, there is evidence which connects him with the preparation

of the ransom note. The note, in turn, states that Mr. Vereen was in the author's custody. This extra-judicial admission against interest, corroborated by other proof of the corpus delicti, is sufficient to support the conviction. *See State v. Blocker*, 205 S. C. 303, 31 S. E. (2d) 908 (1944); *State v. Teal, supra;* 22A C.J.S. *Criminal Law*, § 730(b) (1961). Moreover, the driver's license, delivered with the ransom note, provides a direct connection between Owens and Mr. Vereen.

We hold the evidence of Owens' involvement in the kidnapping, cited above, was sufficient to submit the case to the jury.

Owens' remaining exceptions are without merit, and we affirm pursuant to Supreme Court Rule 23. *See State v. Wharton*, 263 S. C. 437, 211 S. E. (2d) 237 (1975) and *State v. South*, 285 S. C. 529, 331 S. E. (2d) 775 (1985) [venue]; *State v. Middleton*, 266 S. C. 251, 222 S. E. (2d) 763 (1976), *vacated on other grounds*, 429 U. S. 807, 97 S. Ct. 44, 50 L. Ed. (2d) 69 (1976), *reaff'd*, 268 S. C. 152, 232 S. E. (2d) 342 (1977) and *State v. Harris*, 277 S. C. 274, 286 S. E. (2d) 137 (1982) [consent to search].

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.