23740

The STATE, Respondent v. Alvin OWENS, Appellant.
(424 S.E. (2d) 473)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Oct. 13, 1992.

Decided Nov. 16, 1992.

LITTLEJOHN, Acting Associate Justice:

Appellant, Alvin Owens (Owens) was convicted of murder and sentenced to life imprisonment. We affirm.

## FACTUAL BACKGROUND

In January, 1985, Owens was convicted of kidnapping Ernest Vereen (Vereen/Victim). We affirmed in *State v. Owens*, 291 S.C. 116, 352 S.E. (2d) 474 (1987) *(Owens I)*.

Although no body was ever found, Owens was indicted in January, 1986, for Vereen's murder. Based upon the aggravating circumstance that the murder occurred during the commission of a kidnapping, *see* S.C. Code Ann. § 16-3-20(C)(a)(1) (Cum. Supp. 1991), the State sought and obtained a sentence of death. Owens' death sentence was affirmed by this Court in *State v. Owens*, 293 S.C. 161, 359 S.E. (2d) 275, *cert. denied*, 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed. (2d) 495 (1987) *(Owens II)*.

Thereafter, Owens' murder conviction and death sentence were set aside on postconviction relief, and a new trial ordered.

Upon retrial, Owens moved to dismiss the indictment, alleging that his prior kidnapping conviction barred the State from re-trying him on the charge of murder, as to do so would violate the Double Jeopardy Clause of the United States Constitution.[1] Alternatively, Owens requested the State be barred from seeking the death penalty. Circuit Court granted the latter motion, finding that Owens' prosecution for capital murder, i.e., while in the commission of kidnapping, would violate double jeopardy.[2]

Owens was again convicted of murder and was sentenced to life imprisonment. He appeals from that conviction, alleging: (1) that his murder prosecution violates the double jeopardy clause, (2) that the jury was not adequately charged on the law of coercion, and (3) that statements made to a fellow inmate/"jailhouse lawyer" were protected by the attorney-client

---

[1] U.S. Const., amend. V.

[2] This Order was not appealed; accordingly, there is no issue before this Court regarding the correctness of this ruling.

privilege. We find all of Owens' contentions to be without merit and, therefore, affirm his conviction and sentence.

## LAW/ANALYSIS

### I. *Double Jeopardy*

Owens alleges that the State relied primarily upon evidence of the kidnapping offense, for which he had already been convicted, to establish the offense of murder, in violation of the double jeopardy clause and the United States Supreme Court's opinion in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed. (2d) 548 (1990). We disagree.

The double jeopardy clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Grady v. Corbin,* 495 U.S. at 516, 110 S.Ct. at 2090, 109 L.Ed. (2d) at 561 (1990); *State v. Magazine,* 302 S.C. 55, 393 S.E. (2d) 385 (1990). Under traditional double jeopardy analysis, multiple punishment is not prohibited where each offense requires proof of a fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

However, even if successive prosecutions are not barred by the *Blockburger* test, a second prosecution is barred by double jeopardy where, to establish an essential element of the offense charged, the government will prove conduct which constitutes an offense for which the defendant has already been prosecuted. *Grady,* 495 U.S. at 510, 110 S.Ct. at 2087; *Jivers v. State,* 304 S.C. 556, 406 S.E. (2d) 154 (1991); *State v. Magazine, supra.* A mere overlap in proof, however, does not establish a double jeopardy violation. *See United States v. Felix,* — U.S. —, —, 112 S.Ct. 1377, 1382-83, 118 L.Ed. (2d) 25, 34 (1992). *Grady* makes clear that "the presentation of specific evidence in one trial does not forever prevent the government from introducing the same evidence in a subsequent proceeding." 495 U.S. at 521-522, 110 S.Ct. at 2093.

Clearly, it was not requisite to a conviction for murder that the State prove, as an essential element of its case, that Owens had kidnapped Vereen. Although evidence of the kid-

napping was presented, it was not that conduct, but rather the conduct constituting murder, for which he was prosecuted in the subsequent trial.

Owens relies upon an Arizona case, *Quinton v. Superior Court*, 168 Ariz. 545, 815 Y. (2d) 914 (1991), *cert. denied*, — U.S. —, 112 S.Ct. 1295, 117 L.Ed. (2d) 518 to support his contention that a kidnapping conviction, prior to a prosecution for murdering the kidnap victim, is barred by the double jeopardy clause. *Quinton is* easily distinguished. There, an essential element of the offense of *first degree murder*, with which Quinton was charged, was that the murder occur during commission of a kidnapping. 815 P. (2d) at 916, n. 4. Clearly, kidnapping is not an essential element of murder in South Carolina. *See*, S.C.Code § 16-3-10 (1985).

Finally, in *Grady* the Supreme Court recognized an exception to the bar of double jeopardy where "the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." 495 U.S. at 516, n. 7, 110 S.Ct. at 2090, n. 7 [citing *Diaz v. United States*, 223 U.S. 442, 448-449, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912)].

Here, the majority of physical evidence linking Owens to Vereen's disappearance was, or could have been, discovered at the time of the kidnapping trial. However, Vereen's body was never found and the most tangible evidence of the murder became manifest subsequent to Owens' kidnapping conviction. The mere lapse of time from October, 1984 (the date of Vereen's disappearance) until January, 1986 (the date Owens was indicted for murder) made the fact of Vereen's death much more probable. Additionally, Owens made statements to several fellow inmates regarding the location of the body and how he had murdered the Victim.[3] These statements could not have been discovered by law enforcement prior to the kidnapping conviction.

Clearly, the most probative evidence of Vereen's death was revealed after the kidnapping prosecution. We find no double jeopardy violation in his subsequent prosecution for murder.

---

[3] The admissibility of one of these statements is discussed *infra*.

## II. *Coercion Charge*

Owens next asserts error in the trial judge's charge to the jury on coercion. The charge was as follows:

> If two or more persons combine to commit an unlawful act, and in the unlawful execution of the criminal act a homicide is committed by one of the actors, as a probable and natural consequence of the act, done in the pursuan[ce] of a common design, all present, participating in the unlawful undertaking, are as guilty as the one who committed the fatal act.
>
> Now Mr. Foreman, I also charge you that to excuse any criminal act, the degree of coercion must be present, imminent, and of such nature as to induce well grounded apprehension of death or serious bodily harm, if the act is not done.
>
> I further charge you that coercion is not a defense unless fear of injury is reasonable.

This instruction was an accurate statement of the law of coercion. *See State v. Robinson*, 294 S.C. 120, 363 S.E. (2d) 104 (1987). We find no error.

## III. *Statements to "Jailhouse Lawyer"*

Finally, Owens contends that incriminating statements made to fellow inmate/jailhouse lawyer Albert Burgess were improperly admitted as they were protected by the attorney-client privilege. This argument is without merit.

The attorney-client privilege protects against disclosure of confidential communications by a client to his attorney. *State v. Love*, 275 S.C. 55, 271 S.E. (2d) 110 (1980).

> This privilege is based upon a wise policy that considers that the interests of society are best promoted by inviting the utmost confidence on the part of the client in disclosing his secrets to this professional advisor, under the pledge of the law that such confidence should not be abused by permitting disclosure of such communications.

*Id.*, 275 S.C. at 59, 271 S.E. (2d) at 112.

The privilege is strictly construed to protect only confidences disclosed within the relationship. *State v. Doster*, 276

S.C. 647, 284 S.E. (2d) 218 (1981).

We decline to extend the attorney-client privilege to so-called "jailhouse lawyers." These inmates may be of assistance to other inmates in preparing petitions or briefs, but they are not "professional advisors" upon whom clients rely and to whom clients impart their strictest confidences.

Accordingly, we hold that incriminating statements made by Owens to fellow inmate Albert Burgess were not protected by the attorney-client privilege and were properly admitted at trial.

The judgment below is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.