503 S.E.2d 462

**Alvin OWENS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 24812.**

Supreme Court of South Carolina.

Submitted June 16, 1998.

Decided July 13, 1998.

---

Assistant Appellate Defender Lesley M. Coggiola and Assistant Appellate Defender Melissa J. Reed Kimbrough, of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Barbara M. Tiffin, Columbia, for respondent.

BURNETT, Justice:

Petitioner was convicted of murder and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *State v. Owens*, 309 S.C. 402, 424 S.E.2d 473 (1992), *cert. denied*, 507 U.S. 1036, 113 S.Ct. 1861, 123 L.Ed.2d 482 (1993). Petitioner filed an application for post-conviction relief (PCR). The Court granted a writ of certiorari to review the decision of the PCR judge denying petitioner's application. We reverse.

## FACTS

In January 1985, petitioner was convicted of kidnapping and sentenced to life imprisonment. The Court affirmed his conviction and sentence. *State v. Owens*, 291 S.C. 116, 352 S.E.2d 474 (1987).

Based on the same set of facts, petitioner was convicted of murder in 1986.[1] He was sentenced to death. The Court affirmed his conviction and sentence. *State v. Owens,* 293 S.C. 161, 359 S.E.2d 275, *cert. denied,* 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed.2d 495 (1987). On post-conviction relief (PCR), petitioner's death sentence was vacated and petitioner was granted a new trial on the murder charge.

In February 1991, petitioner was retried for the murder, convicted, and sentenced to life imprisonment. This conviction and sentence were affirmed. *State v. Owens,* 309 S.C. 402, 424 S.E.2d 473 (1992), *cert. denied,* 507 U.S. 1036, 113 S.Ct. 1861, 123 L.Ed.2d 482 (1993).

## ISSUE

Did the PCR judge err by failing to vacate petitioner's life sentence for kidnapping where petitioner received a sentence for a murder which occurred during the commission of the kidnapping?

## DISCUSSION

Petitioner argues his kidnapping sentence should be vacated. He contends the kidnapping sentencing statute prohibits concurrent life sentences where a defendant is also convicted of a murder which occurs during the commission of the kidnapping. We agree.

At the time of petitioner's retrial for murder in February 1991, the kidnapping punishment statute provided as follows:

Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by a parent thereof, shall be guilty of a felony and, *upon conviction, shall suffer the punishment of life imprisonment unless sentenced for murder as provided in § 16-3-20.*

---

**1.** The murder occurred during the commission of the kidnapping. *State v. Owens,* 293 S.C. 161, 359 S.E.2d 275, *cert. denied,* 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed.2d 495 (1987).

S.C.Code Ann. § 16–3–910 (1985).[2]

The Court has summarily vacated life sentences for kidnapping when the defendant received a concurrent sentence under the murder statute. *State v. Joyner*, 289 S.C. 436, 346 S.E.2d 711 (1986); *State v. Livingston*, 282 S.C. 1, 317 S.E.2d 129 (1984); *State v. Stroman*, 281 S.C. 508, 316 S.E.2d 395 (1984); *State v. Perry*, 278 S.C. 490, 299 S.E.2d 324, *cert. denied*, 461 U.S. 908, 103 S.Ct. 1881, 76 L.Ed.2d 811 (1983); *State v. Copeland*, 278 S.C. 572, 300 S.E.2d 63 (1982), *cert. denied*, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 367 (1983); *State v. Adams*, 277 S.C. 115, 283 S.E.2d 582 (1981); *State v. McCall*, 304 S.C. 465, 405 S.E.2d 414 (Ct.App.1991). In each of these cases, however, the defendant was simultaneously tried, convicted, and sentenced for murder and kidnapping. This Court has not considered the applicability of § 16–3–910 when the defendant is tried, convicted, and sentenced separately for kidnapping and murder.

The PCR judge concluded § 16–3–910 prohibits a life sentence for kidnapping only when the kidnapping sentence is received in conjunction with or subsequent to the life sentence for murder. Consequently, since petitioner was sentenced for kidnapping five years before he was sentenced for murder, the PCR judge determined petitioner's life sentence for kidnapping was proper.

We disagree. There are no temporal limitations in § 16–3–910. Allowing the State to elect to try a defendant separately and obtain two sentences where concurrent sentences would otherwise be prohibited circumvents the language of the statute where, as here, the murder occurred during the commission of the kidnapping. Although petitioner was properly sentenced to life imprisonment at the time he was convicted of kidnapping in 1985, when petitioner was convicted and sentenced for the associated murder, his sentence for kidnapping should have been vacated. Accordingly, the decision of the PCR judge is reversed and petitioner's kidnapping sentence is hereby vacated.[3] *Holland v. State*, 322 S.C. 111, 470 S.E.2d

---

**2.** Effective June 5, 1991, the penalty for kidnapping was reduced to a maximum period of thirty years' imprisonment. The prohibition against concurrent sentences for murder and kidnapping was retained.

**3.** The South Carolina Department of Corrections shall determine petitioner's credit for time served for the kidnapping sentence and apply such credit to the murder sentence.

378 (1996) (where there is no probative evidence to support the PCR judge's findings, the findings should not be upheld).

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.