**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Miller, Appellant.

Appellate Case No. 2012-208640

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-409
Heard October 6, 2014 – Filed November 19, 2014

**AFFIRMED IN PART AND VACATED IN PART**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General J. Anthony Mabry, all of Columbia, and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:**  Antonio Miller appeals his convictions of murder, kidnapping, burglary in the first degree, and possession of a firearm during the commission of a violent crime.  Miller argues (1) the trial court erred in denying his motion to suppress the evidence located in a residence because the search warrant affidavit did not provide the magistrate with a reliable sufficient nexus to provide probable cause that the residence was his home and he was hiding drugs, weapons, or the fruits of a murder within the home and (2) his sentence for kidnapping should be vacated because it was improper due to his sentence for murder.  We affirm in part and vacate in part.

1.      We find the trial court did not err in denying Miller's motion to suppress the evidence located in a residence because given all the circumstances set forth in the search warrant affidavit, there was a fair probability evidence of a crime would be found in the residence identified.  Thus, the trial court correctly found the magistrate had a substantial basis for concluding probable cause existed to issue the warrant.  *See State v. Dupree*, 354 S.C. 676, 684, 583 S.E.2d 437, 441 (Ct. App. 2003) ("A magistrate may issue a search warrant only upon a finding of probable cause."); *State v. Bellamy*, 336 S.C. 140, 143, 519 S.E.2d 347, 348 (1999) ("The South Carolina General Assembly has enacted a requirement that search warrants may be issued 'only upon affidavit sworn to before the magistrate . . . establishing the grounds for the warrant.'" (quoting S.C. Code Ann. § 17-13-140 (1985))); *Dupree*, 354 S.C. at 684, 583 S.E.2d at 441 ("The affidavit must contain sufficient underlying facts and information upon which the magistrate may make a determination of probable cause."); *id.* ("The magistrate should determine probable cause based on all of the information available to the magistrate at the time the warrant was issued."); *id.* at 685, 583 S.E.2d at 442 ("The magistrate's task in determining whether to issue a search warrant is to make a practical, common sense decision concerning whether, under the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in the particular place to be searched."); *State v. Sullivan*, 267 S.C. 610, 617, 230 S.E.2d 621, 624 (1976) (providing affidavits should be viewed in a common sense and realistic fashion because they are not meticulously drawn by lawyers); *id.* ("Search warrants are constitutionally preferred and in determining whether they should issue, magistrates are concerned with probabilities and not certainties."); *Dupree*, 354 S.C. at 683, 583 S.E.2d at 441 ("The appellate court should give great deference to a magistrate's determination of probable cause."); *id.* at 684, 583 S.E.2d at 441 ("In determining the validity of the warrant, a reviewing court may consider only information brought to the magistrate's attention."); *id.* at

683, 583 S.E.2d at 441 ("Our task is to decide whether the magistrate had a substantial basis for concluding probable cause existed."); *id.* (stating the term "probable cause" does not import absolute certainty); *id.* at 683-84, 583 S.E.2d at 441 ("Searches based on warrants will be given judicial deference to the extent that an otherwise marginal search may be justified if it meets a realistic standard of probable cause.").

2.      We find Miller's sentence for kidnapping was improper due to his sentence for murder and should be vacated.  *See* S.C. Code Ann. § 16-3-910 (2003) ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years *unless sentenced for murder* as provided in Section 16-3-20."  (emphasis added)); *State v. Vick*, 384 S.C. 189, 201, 682 S.E.2d 275, 281 (Ct. App. 2009) ("Our courts have long held, where an appellant has been sentenced for murder of a victim, this code section precludes a sentence for kidnapping of that victim, and any such sentence should be vacated."); *id.* at 202, 682 S.E.2d at 282 ("[O]ur courts have, in the past, 'summarily vacated' sentences for kidnapping where such sentences were precluded by § 16-3-910 because the defendant received a concurrent sentence under the murder statute."); *Owens v. State*, 331 S.C. 582, 585, 503 S.E.2d 462, 463 (noting the appellate courts have "summarily vacated" sentences for kidnapping when the defendant received a concurrent sentence under the murder statute).  Therefore, we affirm Miller's conviction for kidnapping, but vacate his sentence for kidnapping.  *See Vick*, 384 S.C. at 203, 682 S.E.2d at 282 (affirming Vick's convictions, but vacating the clearly erroneous kidnapping sentence in the interest of judicial economy "because the State concedes the kidnapping sentence was erroneously imposed" and "our courts recognize there may be exceptional circumstances allowing the appellate court to consider an improper sentence even though no challenge was made to the sentence at trial and have further summarily vacated in matters such as the one at hand").

**AFFIRMED IN PART AND VACATED IN PART.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**