**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Donald M. Brandt, Appellant,

v.

Judy Harriett-Brandt, Respondent.

Appellate Case No. 2013-002279

_____

Appeal From Bamberg County
Vicki J. Snelgrove, Family Court Judge

_____

Unpublished Opinion No. 2015-UP-558
Heard November 3, 2015 – Filed December 16, 2015

_____

**AFFIRMED**

_____

Paul Winford Owen, Jr., of Paul W. Owen, Jr., LLC, of Orangeburg, for Appellant.

Jean Perrin Derrick, of Lexington, for Respondent.

_____

**PER CURIAM:** Donald M. Brandt appeals the family court's approval of a mediation agreement, arguing (1) he was erroneously denied a continuance to review documents presented to him on the day of the final hearing, (2) the family court erred in directing his former attorney to testify about his demeanor during the parties' mediation, and (3) the family court failed to give adequate consideration to

the elements required to prove a settlement agreement.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: Rule 40(i)(1), SCRCP (allowing the trial court to grant a motion to continue a case "[i]f good and sufficient cause for continuance is shown"); *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("[T]he denial of a motion for a continuance on the ground that counsel has not had time to prepare is rarely disturbed on appeal."); *Purex Corp. v. Walker*, 278 S.C. 388, 390, 296 S.E.2d 868, 869 (1982) ("Whether a judge does or does not abuse his discretion [in ruling on a motion for a continuance] depends upon the facts before him at the time."); *Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) ("The grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion. Whether a family court abuses its discretion depends upon the facts before it at the time.").

As to Issue 2: Rule 8(a), SCADRR ("Communications during a mediation settlement conference shall be confidential."); Rule 8(b)(5), SCADRR (providing Rule 8, SCADRR "does not prohibit . . . [a]ny disclosures required by law or a professional code of ethics"); Rule 1.6(a), RPC, Rule 407, SCACR ("A lawyer shall not reveal information relating to the representation of a client unless . . . the disclosure is permitted by paragraph (b) [of this rule]."); Rule 1.6(b)(7), RPC, Rule 407, SCACR ("A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to comply with . . . a court order . . . ."); *Whaley v. CSX Transp. Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) ("The admission of evidence is within the trial judge's discretion and his decision will not be reversed absent an abuse of discretion."); *State v. Owens*, 309 S.C. 402, 407, 424 S.E.2d 473, 476 (1992) ("The attorney-client privilege protects against disclosure of confidential communications by a client to his attorney."); *id.* at 407, 424 S.E.2d at 477 ("The privilege is strictly construed to protect only confidences disclosed within the relationship."); *Marshall v. Marshall*, 282 S.C. 534, 538, 320 S.E.2d 44, 47 (Ct. App. 1984) ("In order to establish the attorney-client privilege, it must be shown that the relationship between the parties was that of attorney and client and that the communications were of a confidential nature.").

As to Issue 3: *Lewis v. Lewis*, 392 S.C. 381, 390. 709 S.E.2d 650, 654 (2011) ("As the family court system has matured, while retaining our constitutional authority to make our own findings of fact, appellate court decisions have continued to reflect a

preference to sustain a family court's factual findings."); *id.* at 392, 709 S.E.2d at 655 ("Moreover, consistent with our constitutional authority for *de novo* review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact."); *Gainey v. Gainey*, 382 S.C. 414, 428, 675 S.E.2d 792, 799 (Ct. App. 1999) (requiring a party seeking to invalidate a contract on the ground of duress to show (1) the party "was coerced to enter into the contract," (2) the party "was put in such fear that he was bereft of the quality of mind essential to the making of a contract," and (3) "the contract was thereby obtained as a result of this state of mind"); *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 93 (Ct. App. 1986) ("A party cannot complain of an error which his own conduct has induced."); *Burnett v. Burnett*, 290 S.C. 28, 30, 347 S.E.2d 908, 909 (Ct. App. 1986) ("In deciding whether an agreement is fair, it is not the task of the Court to decide the rights of the husband and wife as if there had been no agreement."); *id.* ("Rather, the Court must decide if the agreement is within the bounds of reasonableness from both a procedural and substantive perspective."); *Sauls v. Sauls*, 287 S.C. 297, 299, 337 S.E.2d 893, 895 (Ct. App. 1985) ("Where one party seeks Family Court approval of a settlement agreement between a husband and wife and the other party repudiates it, the court must first determine if the agreement was freely and voluntarily entered into and next determine if it is fair under all circumstances.").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**