**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eric Charles Peterson, Appellant.

Appellate Case No. 2019-002097

———————

Appeal From Greenville County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-006
Submitted December 1, 2022 – Filed January 4, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Eric Charles Peterson appeals his convictions and concurrent sentences of fifteen years' imprisonment for four counts of third-degree criminal sexual conduct (CSC) with a minor. On appeal, Peterson argues the trial court erred

in admitting prior bad act testimony, admitting entries from his journal, and refusing to grant a mistrial.  We affirm.

## STANDARD OF REVIEW

"The trial judge has considerable latitude in ruling on the admissibility of evidence and his decision should not be disturbed absent prejudicial abuse of discretion." *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009).

"The decision to grant or deny a mistrial is within the sound discretion of the trial court" and "will not be overturned on appeal absent an abuse of discretion amounting to an error of law."  *State v. Wilson*, 389 S.C. 579, 585, 698 S.E.2d 862, 865 (Ct. App. 2010) (quoting *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009)).  We give trial judges wide discretion "because a trial judge experiences 'a feel of the case' which oftentimes may not be detected from a cold printed record." *State v. Perry*, 278 S.C. 490, 494, 299 S.E.2d 324, 326 (1983).

## I.  STEPDAUGHTER'S TESTIMONY

All of the charges in this case concern Peterson's alleged abuse of his former stepdaughter.  Peterson first argues that the trial court abused its discretion in admitting the stepdaughter's testimony that she and Peterson used to play naked.  He argues this was inadmissible testimony about a prior bad act and was not relevant to the charges for which he was indicted.

Rule 404(b), SCRE, provides:

> Evidence of other crimes, wrongs, or acts is not admissible
> to prove the character of a person in order to show action
> in conformity therewith.  It may, however, be admissible
> to show motive, identity, the existence of a common
> scheme or plan, the absence of mistake or accident, or
> intent.

"Rule 404(b) prevents the State from introducing evidence of a defendant's other crimes for the purpose of proving his propensity to commit the crime for which he is currently on trial."  *State v. Perry*, 430 S.C. 24, 30, 842 S.E.2d 654, 657 (2020).

> When evidence of other crimes is admitted based solely on
> the similarity of a previous crime, the evidence serves only

the purpose prohibited by Rule 404(b), and allows the jury to convict the defendant on the improper inference of propensity that because he did it before, he must have done it again.

*Id*. at 41, 842 S.E.2d at 663.

In *Perry*, our supreme court held evidence that the defendant sexually assaulted his stepdaughter more than twenty years prior to his trial for sexual offenses against his biological daughters was inadmissible to show a common scheme or plan because the evidence demonstrated nothing beyond the defendant's propensity to commit the subsequent crimes. *Id*. at 44, 842 S.E.2d at 665. Our supreme court found the State failed to meet the burden necessary to admit the prior bad acts under the logical connection test because the State "did not identify any fact in the crimes charged that was made more or less likely to be true" by the stepdaughter's testimony. *Id*. at 40, 44, 842 S.E.2d at 663, 665. The court reiterated, "The State must demonstrate to the trial court that there is in fact a scheme or plan common to both crimes, and that evidence of the other crime serves some purpose other than using the defendant's character to show his propensity to commit the crime charged." *Id*. at 44, 842 S.E.2d at 665. "The State must show a logical connection between the other crime and the crime charged such that the evidence of other crimes 'reasonably tends to prove a material fact in issue.'" *Id*. (quoting *State v. Lyle*, 125 S.C. 406, 417, 118 S.E. 803, 807 (1923)). "Whether the State has met its burden 'should be subjected by the courts to rigid scrutiny,' considering the individual facts of and circumstances of each case." *Id*. (quoting *Lyle*, 125 S.C. at 417, 118 S.E. at 807).

The testimony at issue here is meaningfully different from the erroneously admitted testimony in *Perry*. Here, the stepdaughter's testimony involved prior inappropriate conduct *towards her*; not evidence (as in *Perry*) of prior inappropriate conduct towards a different victim. We hold that this testimony was probative as to a pattern of grooming and was evidence of Peterson's motive and intent. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *Perry*, 430 S.C. at 72, 842 S.E.2d at 679-80 (Kittredge, J., dissenting) ("[T]he hallmark of the common scheme or plan exception is that the charged and uncharged crimes are connected in the mind of the actor by some common purpose or motive. . . . Thus, as with the *modus operandi* exception where identity is interwoven with common scheme or plan, motive can also be inextricably intertwined with a common scheme or plan."); *State*

*v. Dinkins*, 435 S.C. 541, 555, 868 S.E.2d 181, 188 (Ct. App. 2021) (holding the defendant's repeated inappropriate conduct towards the victim was probative as to a pattern of grooming and was evidence of intent and motive, countering his argument that his actions toward the victim were innocent and properly familial).

The charged and uncharged acts here are logically connected within the pattern of grooming, which included an escalation of the conduct towards Victim. *See, e.g., Clasby*, 385 S.C. at 157, 682 S.E.2d at 897 ("[E]vidence that defendant began touching and committing other sexual misconduct with victim when she was six or seven years old was admissible to show common scheme or plan during trial for the indicted offense of CSC with a minor, second degree[,] on the ground that the 'six to seven year pattern of escalating abuse of Victim by [defendant was] the essence of grooming and continuous illicit activity.'" (second alteration in original) (quoting *State v. Kirton*, 381 S.C. 7, 36, 671 S.E.2d 107, 121-22 (Ct. App. 2008))). Though this testimony admittedly does not show a lengthy pattern of various escalated grooming, we hold that the trial court did not abuse its discretion in viewing the testimony as grooming behavior and finding it admissible on that basis.

We also note the State is required to prove intent as an element of third-degree CSC with a minor. *See* S.C. Code Ann. § 16-3-655(C) (2015) ("A person is guilty of [CSC] with a minor in the third degree if the actor is over fourteen years of age and the actor wilfully and lewdly commits or attempts to commit a lewd or lascivious act upon or with the body, or its parts, of a child under sixteen years of age, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the actor or the child."). Peterson's prior inappropriate conduct with his stepdaughter was arguably probative of his intent toward and grooming of the stepdaughter. Therefore, we hold the trial court did not abuse its discretion in admitting this testimony under Rule 404(b), SCRE.

## II. JOURNAL ENTRIES

Peterson argues the trial court abused its discretion in admitting his journal entries. He claims the journal entries did not contain any inculpatory statements about the charged offenses. One of the entries references fear of going to jail. He asserts he should not have to argue to the jury that he was afraid of going to jail for some other offense because doing so would necessarily invite the jury to speculate that he had committed other potentially illegal acts, painting him in a bad light.

Here again, we hold that the trial court did not abuse its discretion. The critical journal entry is the last one, which alludes to some action by Peterson that made him

fearful of going to jail.  We agree with the State that the jury could view this journal entry, and the other entries with the light shed on them by this last entry, as evidence of consciousness of guilt.  *See State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of consciousness of guilt.").

## III. MISTRIAL

Peterson argues the trial court abused its discretion in refusing to grant a mistrial when a witness stated that the police department placed the stepdaughter's written allegation of abuse in a different victim's case file.  Peterson argues this suggested there was another case against Peterson with a different victim.

As with the other issues, the trial court did not abuse its discretion.  The court gave a curative instruction, and the witness clarified that the letter was placed in "the wrong case file totally unrelated to [this] case."  *See State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error."); *see also State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) (holding "[t]he power of the trial court to declare a mistrial should be used with the greatest caution under urgent circumstances" and "[t]he granting of a motion for a mistrial is an extreme measure that should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way").  Indeed, multiple witnesses made multiple references throughout the trial about the written allegation—a letter—being placed in the wrong file, all without any objection save this one awkwardly worded reference, which the court immediately remedied.

## CONCLUSION

Based on the foregoing, Peterson's convictions and sentences are

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.