21041

The STATE, Respondent, v. Robert Harold COGDELL, Appellant.

(257 S. E. (2d) 748)

*Noel Turner* and *Richard H. Rhodes* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for appellant.*

*Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Lindy Pike Funkhouser,* Columbia, *for respondent.*

August 27, 1979.

LEWIS, Chief Justice:

Appellant was convicted on twenty-one (21) counts of obstructing justice and was sentenced to three (3) years imprisonment. The charges arose out of his failure, while Mayor of the Town of Landrum, South Carolina, to report traffic convictions to the South Carolina Department of Highways and Public Transportation as required by law.

The statute law of this State requires public officials in charge of the disposition of certain cases involving traffic violations to report any convictions to the South Carolina Department of Highways and Public Transportation (Department). See: Sections 56-1-330, 56-1-780, and 56-5-2970 of the 1976 Code of Laws. Code Sections 56-1-500 and 56-5-2970 impose penalties for the failure to make the required reports to the Department. These reports are made by forwarding the "yellow copy" of the Uniform Traffic Ticket in each case to the Department within ten (10) days.

The "yellow copy" of the traffic ticket is referred to in the record as "dispositional" in nature and is used by the Department to impose statutorily mandated penalties against traffic violators. Upon the basis of these reports, the Department would have in some instances automatically suspended the motorist's drivers license (Code Section 56-5-2990); and in others the motorist's license would have been suspended if a total of twelve points had been assessed against

him (Code Section 56-1-740). Therefore, the prompt reporting of convictions for traffic violations vitally affected the enforcement of the laws regulating traffic upon the highways of the State. For example, a motorist, who was convicted of an offense which required the automatic suspension of his license by the Department, would probably never have his drivers license suspended unless the official in charge of the disposition of the offense reported the conviction to the Department.

It is, therefore, apparent that the General Assembly has established the penalty of suspension of a motorist's drivers license as a basic part of the program to enforce safety upon the highways of this State, and has made the reporting of traffic violations by the appropriate officials an integral part of the enforcement of the traffic laws.

The twenty-one (21) counts charged in this case against appellant arose from his failure to forward to the Department the notices of traffic violations required by the foregoing statutes. The statutory penalty for failure to make the reports of traffic convictions is not more than thirty days or a fine of $100. The State, in this case, instead of charging appellant with the statutory offense, which would carry the maximum penalty of thirty days or $100 on each count, charged appellant with the offense of obstructing justice which carries a maximum sentence of ten (10) years on each count.

Appellant raises three questions in this appeal, the first of which asserts that the conduct for which he was convicted did not constitute the crime of obstructing justice.

Appellant was charged and convicted for the intentional failure to perform his statutory duty to report convictions of the traffic laws. These reports followed the judicial determination of the traffic violation and constituted a necessary step in the proceedings designed by the General Assembly for the enforcement of the traffic laws. The failure of the

proper official to make the reports prevented the imposition of the penalties mandated by statutory law.

The trial judge properly held that the intentional failure of appellant to report convictions of traffic violations, as required by the foregoing statutes, constituted the common law offense of obstruction of justice.

At common law it is an offense to do any act which prevents, obstructs, impedes, or hinders the administration of justice. 67 C. J. S. Obstructing Justice §§ 2 and 3. The intentional failure of a responsible public official to report convictions of traffic violations so as to interrupt or prevent the mandated suspension of a motorist's drivers license is an obstruction of justice and punishable at common law.

Appellant contends, however, that the offense of obstruction of justice was preempted by Code Sections 56-5-2970 and 56-1-500, which makes the failure to report certain traffic convictions a misdemeanor and punishable by imprisonment for thirty days or a fine of $100.00. It is argued that these code provisions remove any violation from the realm of a common law crime to that of a statutory offense. We disagree.

The statutes in question evidence no intent to modify or preempt the common law crime of obstructing justice but, to the contrary, explicitly state in Code Section 56-1-560 that the statutes here involved shall "not be held to repeal any other laws but shall be held to be cumulative thereto." Therefore, the common law crime of obstructing justice has not been modified by these statutes, and was properly applied by the trial judge to the facts of this case.

Appellant's second exception charges that the trial judge erred in refusing to charge, as requested, that negligence, alone, would not be sufficient to convict under the indictment.

Appellant maintained at the trial that he was unaware that the notices of the traffic violations had not been forwarded to the Department, and contended that any such failure was the result of negligence or an excusable oversight. Counsel for appellant requested, prior to the charge to the jury, that the trial judge instruct the jury "on what isn't intent and also one [that] negligence would be insufficient." The trial judge refused "to go into what isn't intent," stating that was a matter for counsel to argue; but did advise that he would give an instruction on intent in general.

Thereafter, the trial judge, in instructing the jury as to the elements necessary to make out the offense of obstructing justice, stated:

But in an obstruction of justice there must be an intentional failure to perform a duty which would constitute obstruction of justice. An intent, of course, is a state of a person's mind which directs his actions toward a specific action or object. Of course, being a mental state of mind, it may only be determined by you taking into consideration acts before or after, along with other circumstances you consider relevant on the issue. Now, all of these are elements which the State must prove by the requisite burden of proof.

After the charge to the jury, no objections were made to the charge nor were additional instructions sought by appellant.

We conclude that the charge to the jury sufficiently differentiated between negligence as opposed to the necessary element of intent in the crime of obstruction of justice, and left no doubt that the burden was upon the State to establish that appellant intentionally failed to make the alleged reports to the Department.

The final question relates to the sentence. The maximum sentence for obstruction of justice is imprisonment for ten (10) years for each offense. Appellant was sentenced to serve three (3) years. He now contends

that the sentence imposed was excessive in view of the absence of any prior criminal record, the nature of the crime committed, and other sanctions resulting from his conviction.

The sentence imposed was within the maximum limits prescribed by law; and there was no showing that the sentence was the result of partiality, prejudice, oppression, or corrupt motive. Under these circumstances, the court is without authority to alter the sentence imposed. *State v. Hall,* 224 S. C. 546, 80 S. E. (2d) 239.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.