### 21229

The STATE, Respondent, v. Kenneth E. LOVE, Appellant
(271 S. E. (2d) 110)

*Robert L. Hallman,* Columbia, *for appellant.*

*Atty. Gen., Daniel R. McLeod and Assist. Attys. Gen., Brian P. Gibbes and Andrew Savage,* Columbia, *for respondent.*

May 13, 1980.

LEWIS, Chief Justice:

Defendant (appellant), a former magistrate for Richland County, South Carolina, was convicted and sentenced on two counts of obstruction of justice, two counts of obtaining goods under false pretenses, and one count of conspiracy. He has appealed challenging (1) the sufficiency of the indictments to allege, and the evidence to establish, the claims of obstruction of justice and obtaining goods under false pretenses; (2) the refusal of the trial judge to exclude the testimony of the attorney witness Corley as violative of an attorney-client relationship, (3) the denial of appellant's demand that the State elect between or, in the alternative, grant separate trials on the charges laid in two of the indictments; and (4) the charge to the jury on the offense of obtaining money or goods by false pretenses. We affirm.

The charges against appellant were contained in three indictments—the first (No. 1771) and the second (No. 1772) each contained two counts, one count charging obstruction of justice and the other obtaining goods or money by false pretenses. The third indictment charged conspiracy.

Since it materially affects the sufficiency of the evidence to convict, we first dispose of appellant's challenge to the admissibility of the testimony of James W. Corley, Esquire, in which he related conversations between him and appellant. Appellant contends that these conversations should have been excluded on privileged communications between attorney and client.

We have long recognized the attorney-client privilege against disclosure of confidential communications by a client to his attorney. In the case of *South Carolina State Highway Department v. Booker,* 260 S. C. 245, 195 S. E. (2d) 615, in discussing the privilege, we stated:

This privilege is based upon a wise public policy that considers that the interests of society are best promoted by inviting the utmost confidence on the part of the client in disclosing his secrets to his professional advisor, under the pledge of the law that such confidence should not be abused by permitting disclosure of such communications.

This privilege belongs to the client and not the attorney, and may be waived by the client. 81 Am. Jur. (2d), Witnesses, Section 223; *South Carolina State Highway Department v. Booker,* supra.

In order to establish the privilege, it must be shown that the relationship between the parties was that of attorney and client and that the communications were of a confidential nature. In general, the burden of establishing the privilege rests upon the party asserting it. 81 Am. Jur. (2d), Witnesses, Section 221.

Whether a communication is privileged is for the trial judge to decide in the light of a preliminary inquiry into all of the facts and circumstances; and this determination by the trial judge is conclusive in the absence of an abuse of discretion. 81 Am. Jur. 2d, Witnesses, Section 222.

The conviction of appellant was based upon charges that he accepted the sum of $5,500 from one William Dennis, Jr., in consideration of appellant's promise and subsequent attempts to illegally prevent a prosecution against Dennis for driving under the influence, fourth offense, and to illegally obtain a driver's license for Dennis by using a part of the money to pay off certain public officials or employees who had the authority to return his license. Ap-

pellant contends that Corley represented and advised him in these matters and that any communications were made to Corley during the course of this representation.

Corley denies that he represented appellant or Dennis. He testified that appellant apparently had told or given Dennis the imprssion that he (Corley) was involved in appellant's illegal activities on behalf of Dennis. Upon learning of appellant's illegal activities and his effort to implicate him, Corley went to law enforcement officials, reported his information, and agreed to assist in the apprehension of appellant. As a result, Corley agreed to allow himself to be wired with a surveillance microphone to transmit and record conversations with appellant and Dennis. This was done and a series of interviews and recorded conversations were held between Corley, appellant, and Dennis. The testimony of Corley and the tapes of these conversations were admitted into evidence over appellants objection. We think that they were properly admitted.

Based upon the testimony of attorney Corley, his voluntary cooperation with law enforcement officers in the apprehension of appellant, and other circumstances of the case, the trial judge stated that he was convinced beyond a reasonable doubt that attorney Corley never acted as an attorney for appellant in this matter. The record amply sustains this factual finding of the trial judge and clearly renders the testimony admissible, without the necessity of pursuing other, perhaps, equally tenable grounds.

The next questions concern the sufficiency of the indictments and proof to make out the offenses of obstruction of justice and obtaining goods under false pretenses. Appellant moved to quash the indictments on the ground that there was no allegation of any act constituting either of these offenses; and later moved for a directed verdict of not guilty because of the alleged failure of proof. These motions were denied and are the basis of exceptions on appeal.

We treat first the questions relating to the offense of ■ obstruction of justice. In discussing the offense in the recent cases of *State v. Cogdell,* S. C., 257 S. E. (2d) 748, we stated:

At common law it is an offense to do any act which prevents, obstructs, impedes or hinders the administration of justice.

In the application of the foregoing principle in *Cogdell,* we held that the failure to perform the duty of reporting convictions of traffic violations, as required by statute, constituted the common law offense of obstruction of justice.

Indictment No. 1771 alleges that appellant, for the sum of $500.00, promised to obtain for William Dennis, Jr., a valid driver's license and that appellant did deliver to Dennis a driver's license that purported to be valid but which, in fact, was invalid.

The second indictment (No. 1772) alleged that, for the sum of $5,000, appellant promised to remove from the public records all reference to the pending charge against William Dennis, Jr. of driving under the influence and would prevent any prosecution of that charge by bribing the necessary public officials.

Dennis, who paid the money to appellant, was under a charge of driving under the influence, fourth offense. Conviction for this offense automatically suspends the driver's license for a considerable period of time. The design of the traffic laws is to keep individuals convicted of certain offenses from operating motor vehicles upon the highways of this State by suspending the driver's license. The allegations that appellant promised and did deliver to Dennis an invalid driver's license, under circumstances that would induce its use, and promised to remove traffic records and fix the prosecution, sufficiently charged the offense of obstruction of justice in that it impeded and obstructed the due administration of the traffic laws of this State.

We think the proof established the offenses alleged. As to indictment No. 1771, there was testimony that appellant told a driver's license examiner that, if he would get a driver's license for Dennis, it would be beneficial to the examiner. Subsequently, appellant gave to Dennis, whose license had been suspended, a temporary driver's license which, the examiner testified, was invalid. As to indictment No. 1772, the record shows that appellant asked an investigator for the Public Defender's office if he knew anyone who could stop an indictment; and that appellant later admitted he had paid money to a public employee to obtain help in preventing the prosecution against Dennis for driving under the influence.

Success in the effort to obstruct justice is not necessary to constitute the offense; it is sufficient if some act is done in furtherance of the endeavor. In this case, appellant delivered a false or invalid driver's license and paid money to a public employee in furtherance of the unlawful endeavor.

The trial judge properly held both the indictment and the proof sufficient to constitute obstructing justice.

The second count in each of the two indictments charged appellant with the offense of obtaining goods or money under false pretenses. Appellant also contends that neither the allegations in the indictment nor the proof were sufficient to sustain these charges.

The offense of obtaining goods under false pretenses is defined in *State v. Haines,* 23 S. C. 170 as follows:

A false pretense is such a fraudulent representation of an existing or past fact by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.

Count 2 of indictment No. 1771 charges that appellant obtained the sum of $500 upon the false representation to

Dennis that he would obtain a valid driver's license for him for $500 and that appellant thereafter fraudulently delivered a false driver's license instead of a valid one.

Count 2 of indictment No. 1772 alleges that appellant obtained the sum of $5,000 upon the false representations that he would remove the records pertaining to the charges against Dennis from the clerk's office, he would clear the record of pending charges, and would prevent the prosecution for driving under the influence, fourth offense.

The essence of appellant's challenge is that there was no allegation or proof of a representation of a past or existing fact, but rather the representations were in the nature of a promise which is not a false pretense. We disagree.

Appellant is charged in this case with falsely representing that he would do certain things, i. e., provide a valid driver's license, remove evidence of pending charges from the public records, and prevent prosecution of the charge for driving under the influence, fourth offense. There is contained in these promises the implied representation or pretense that he could do the things promised. This pretense of authority or ability constituted a representation or pretense of fact, 35 C.J.S. False Pretenses § 12; and supports the charge of obtaining goods under false pretenses.

The indictment in this case adequately informed the appellant of the offense charged, including the nature and falsity of the representation relied on. By falsely pretending that he was in a position to aid Dennis in evading prosecution and the penalties for driving under the influence, and by obtaining his money for that purpose, appellant was guilty of obtaining the money by false pretenses.

The allegations and the proof sustain the charges of obtaining goods under false pretenses.

Appellant also argues that the trial judge erred in refusing to require the State to elect between indictments Nos. 1771 and 1772 or to sever the trials

thereon, on the ground that the "indictments alleged separate offenses which occurred on different dates and appellant was thereby prejudiced by the joint trial."

This argument is without merit. The indictments alleged separate offenses growing out of the same transaction—the illegal fixing of the driving record of Mr. Dennis—and, under these circumstances, there was no requirement that the State elect. *State v. Lee,* 147 S. C. 480, 145 S. E. 285. The decision to require an election was within the discretion of the trial judge, *City of Greenville v. Chapman,* 210 S. C. 157, 41 S. E. (2d) 865, which we find was not abused in this case.

Finally, appellant challenges the correctness of the ■ charge to the jury on the legal principles governing their consideration of the offense of obtaining goods under false pretenses. The criticism of the charge is based upon the trial judge's instruction that "if an actual representation or one by necessary implication is made, that one has the authority, the power or ability to do an act or acts, then even though the act or acts were to take place in the future, the representation, if made, of the authority, power or ability to perform such act or acts would constitute a false pretense if the other elements are established." This instruction is in accord with our holding hereinabove, and we find no error in the charge.

Judgment is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.