21761

The STATE, Respondent, v. Ernest GREEN, Presley Chavis,
and Wilbur DuPree, of whom Ernest Green is, Appellant.

(294 S. E. (2d) 335)

*Asst. Appellate Defender William Isaac Diggs,* of *S. C. Commission* of *Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen., Lindy P. Funkhouser* and *Martha L. McElveen,* Columbia, and *Sol. J. DuPre Miller,* Darlington, *for respondent.*

July 20, 1982.

LEWIS, Chief Justice:

Appellant was convicted of armed robbery and sentenced to twenty (20) years. He appeals alleging that the trial judge erred in refusing (1) to grant a continuance, (2) to quash the indictment, and (3) to grant a request to instruct the jury as to their consideration of evidence relative to good character. We affirm.

Appellant was one of three (3) defendants charged with armed robbery; one pled guilty to robbery, and appellant and the other codefendant, Presley Chavis, were jointly tried and

convicted of armed robbery. The conviction of Chavis was affirmed in a separate appeal. *State v. Chavis*, S. C., 290 S. E. (2d) 412.

The exceptions charging error in the refusal of the motions for continuance and to quash the indictment are clearly without merit and are dismissed under Rule 23 of the Rules of Practice of this Court.

The remaining question concerns the refusal of the trial judge to instruct the jury, as requested, that evidence of good character alone may be sufficient to raise a reasonable doubt of the guilt of the accused.

■ Generally, where requested and there is evidence of good character, a defendant is entitled to an instruction to the effect that evidence of good character and good reputation may in and of itself create a doubt as to guilt and should be considered by the jury, along with all the other evidence, in determining the guilt or innocence of the defendant. *State v. Lyles*, 210 S. C. 87, 41 S. E. (2d) 625.

■ However, the refusal in this case to instruct the jury on the issue of good character was not reversible error, because we are not convinced that such refusal prejudiced the appellant. He admitted his presence and participation in the robbery and from the whole record his guilt is conclusively established. Under these circumstances, the error, if any, could not reasonably have affected the result and is properly regarded as harmless. *State v. Key*, 256 S. C. 90, 180 S. E. (2d) 888.

Judgment affirmed.

LITTLEJOHN, NESS and GREGORY, J J., concur.

HARWELL, J., not participating.