**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kelvin Jackson, Appellant.

Appellate Case No. 2013-001779

———————

Appeal From Beaufort County
Maité Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-512
Submitted October 1, 2015 – Filed November 12, 2015

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General J. Anthony Mabry, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Buyers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57-58 (2011)

(stating "the admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion"); *id*. at 444, 710 S.E.2d at 58 (finding "[t]o warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice"); *States v. Dukes*, 404 S.C. 553, 558, 745 S.E.2d 137, 140 (Ct. App. 2013) (stating due process requires notice and the right to be heard); *State v. Love*, 275 S.C. 55, 59, 271 S.E.2d 110, 112 (1980) (stating the determination of whether or not a communication is privileged and confidential is a matter for the trial court to decide after a preliminary inquiry into all the facts and circumstances); *id.* (explaining the burden of establishing the attorney-client privilege rests upon the party asserting it); *State v. Doster*, 276 S.C. 647, 651, 284 S.E.2d 218, 219-20 (1981) (explaining attorney-client privilege is applicable "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived"); *Marshall v. Marshall*, 282 S.C. 534, 538, 320 S.E.2d 44, 46-47 (1984) ("Any voluntary disclosure by a client to a third party waives the attorney-client privilege not only as to the specific communication disclosed but also to all communications between the same attorney and the same client on the same subject.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.