**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Perry Roy Eichor, Appellant.

Appellate Case No. 2015-001648

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2018-UP-088
Heard November 7, 2017 – Filed February 21, 2018

**AFFIRMED**

Stephen John Henry, of Stephen John Henry LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General David A. Spencer, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** In this criminal matter, Perry Roy Eichor appeals his convictions for obstruction of justice and misconduct of a public official. Eichor argues the circuit court erred by refusing to charge the jury that (1) with respect to the

indictments for obstruction of justice and misconduct of a public official, the State had to prove beyond a reasonable doubt that the communication was made for the purpose of issuing a threat or that the defendant knew the communication would be viewed as a threat; (2) evidence of good character may create doubt as to the defendant's guilt; (3) the State had the burden to present evidence to remove any ambiguity in a communication when the communication had both a threatening and nonthreatening interpretation; and (4) the State had the burden of proving beyond a reasonable doubt that the defendant had the specific intent to execute any threat he made. Eichor also asserts the circuit court erred by (5) not fully charging his request on good character after it was approved by the court during the charge conference. We affirm.

1. As to Eichor's first issue, we find that Eichor's charge request was unnecessary for the jury to decide the issue because threat is not an essential element of either crime. *See State v. Laney*, 367 S.C. 639, 643, 627 S.E.2d 726, 729 (2006) ("In criminal cases, [the appellate court] sits to review errors of law only and is bound by [the] factual findings of the [circuit] court unless an abuse of discretion is shown."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law."); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) (finding that an appellate court "must consider the circuit court's jury charge as a whole in light of the evidence and issues presented at trial" when reviewing jury charges for error); *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005) ("Generally, the [circuit court] is required to charge only the current and correct law of South Carolina."); *State v. Cogdell*, 273 S.C. 563, 567, 257 S.E.2d 748, 750 (1979) (stating that, in South Carolina, common-law obstruction of justice is the commission of "any act which prevents, obstructs, impedes, or hinders the administration of justice"); *State v. Lyles-Gray*, 328 S.C. 458, 464, 492 S.E.2d 802, 805 (Ct. App. 1997) ("[A] person can commit obstruction of justice by use of force or threats; however, such conduct is neither an essential element of, nor the only means of committing, the crime of common-law obstruction of justice."); *State v. Hess*, 279 S.C. 14, 20, 301 S.E.2d 547, 550–51 (1983) ("Misconduct in office occurs when duties imposed by law have not been properly and faithfully discharged. The existence of a duty owed to the public is essential, for otherwise the offending behavior becomes merely the private misconduct of one who happens to be an official." (internal citation omitted)); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 302 (2002) ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); *id.* at 263, 565 S.E.2d at 304

("Failure to give requested jury instructions is not prejudicial error whe[n] the instructions given afford the proper test for determining the issues.").

2.  As to Eichor's second and fifth issues, we find the circuit court's charge on character evidence, when viewed as a whole, sufficiently addressed the substance of the law in South Carolina.  *See State v. Green*, 278 S.C. 239, 240, 294 S.E.2d 335, 335 (1982) ("Generally, whe[n] requested and [evidence of good character exists], a defendant is entitled to an instruction to the effect that evidence of good character and good reputation may in and of itself create a doubt as to guilt and should be considered by the jury, along with all the other evidence, in determining the guilt or innocence of the defendant."); *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 497–98, 514 S.E.2d 570, 575 (1999) (finding that, when examining the challenged portion of the jury charge as a whole with the rest of the court's instruction, the circuit court adequately charged South Carolina law); *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994) ("The substance of the law is what must be instructed to the jury, not any particular verbiage."); *State v. Ezell*, 321 S.C. 421, 425, 468 S.E.2d 679, 681 (Ct. App. 1996) ("Although charges requested by a party may be a correct statement of law, a [circuit court] does not err by refusing to deliver the charges verbatim.").  As to Eichor's argument regarding fundamental unfairness: *Johnson v. Sonoco Prod. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

3.  As to Eichor's third and fourth issues, we find no error because the circuit court's charges properly instructed the jury on criminal intent and the State's burden of proof; Eichor's proposed charge did not correctly state the applicable law for the issues of common-law obstruction of justice and misconduct of a public official; and threat is not an essential element of either offense.  *See State v. Lee-Grigg*, 374 S.C. 388, 405, 649 S.E.2d 41, 50 (Ct. App. 2007) ("A [circuit] court has a duty to give a requested instruction that is supported by the evidence and correctly states the law applicable to the issues."); *Cogdell*, 273 S.C. at 567, 257 S.E.2d at 750 (stating that, in South Carolina, common-law obstruction of justice is the commission of "any act which prevents, obstructs, impedes, or hinders the administration of justice"); *Lyles-Gray*, 328 S.C. at 464, 492 S.E.2d at 805 (finding that threat is not an essential element for committing the crime of common-law obstruction of justice); *Burkhart*, 350 S.C. at 263, 565 S.E.2d at 304 ("Failure to give requested jury instructions is not prejudicial error whe[n] the instructions given afford the proper test for determining the issues.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**