**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sidney Moorer, Appellant.

Appellate Case No. 2017-001876

———————

Appeal From Horry County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-198
Submitted June 1, 2020 – Filed July 1, 2020

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Sidney Moorer appeals his conviction for obstruction of justice concerning his lies and omissions to law enforcement during the missing person

investigation for Heather Elvis.  On appeal, Moorer argues the trial court erred in denying his motion for a directed verdict.  We affirm.[1]

We hold the trial court did not err in denying Moorer's motion for a directed verdict because substantial circumstantial evidence existed reasonably tending to prove Moorer's guilt.  *See State v. Harry*, 420 S.C. 290, 298, 803 S.E.2d 272, 276 (2017) ("In reviewing the denial of a motion for a directed verdict, [the appellate court] must view the evidence in a light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is . . . any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").  At trial, Sergeant Danny Furr testified that when he and Moorer spoke on the phone on December 19, 2013, Moorer changed his story about when he last spoke with Elvis and failed to mention that he called her from a pay phone and spoke with her more than once.  Sergeant Jonathan Martin and Detective Jeff Cauble testified that Moorer first denied, but then admitted, that he called Elvis from a pay phone on December 18, 2013—but not until after Detective Cauble informed Moorer that they had surveillance video of the caller using the pay phone.  Detective Cauble also testified that when he asked Moorer where he was on December 17-18, 2013, Moorer failed to mention that he was at or near Elvis's residence or Long Beard's restaurant.  The State's expert in cellular technology and historical record analysis testified that Moorer's cellphone records showed he was at or near the following locations between 9:29 p.m. on December 17 and 1:40 a.m. on December 18, 2013: (1) the bar where Elvis worked, (2) Elvis's residence, (3) Long Beard's restaurant, (4) Walmart, and (5) the pay phone from which Elvis received a call.  Finally, Donald Demarino testified that Moorer showed him "something" on a gray flip phone that indicated Moorer knew more about Elvis's disappearance than he told the police.  Thus, when viewed in the light most favorable to the State, we find the State presented substantial circumstantial evidence reasonably tending to prove that Moorer lied and omitted relevant information during his several interviews with law enforcement, and therefore was guilty of common-law obstruction of justice.  Accordingly, we affirm.  *See State v. Cogdell*, 273 S.C. 563, 567, 257 S.E.2d 748, 750 (1979) ("At common law it is an offense to do any act which prevents, obstructs, impedes, or hinders the administration of justice."); *Hinder*, *Black's Law Dictionary* (11th ed. 2019) (defining "hinder" as "to slow or make difficult . . . to impede, delay, or prevent"); *State v. Love*, 275 S.C. 55, 62, 271 S.E.2d 110, 113 (1980) ("Success in the effort to obstruct justice is not necessary to constitute the offense; it is sufficient if some

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

act is done in furtherance of the endeavor."); *State v. Singleton*, Op. No. 5722 (S.C. Ct. App. filed May 6, 2020) (Shearouse Adv. Sh. No. 18 at 106) (holding evidence showing the defendant intentionally implicated a party he knew to be innocent to protect the guilty party was sufficient to deny the defendant's directed verdict motion for a charge of common-law obstruction of justice); *State v. Needs*, 333 S.C. 134, 146, 508 S.E.2d 857, 863 (1998) (stating evidence showing a witness concealed information and lied to investigators to protect the defendant was sufficient to support a charge for common-law obstruction of justice).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**