**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert W. McCaffery, Jr., Appellant.

Appellate Case No. 2019-000540

―――――――――

Appeal From Charleston County
D. Craig Brown, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-371
Submitted October 1, 2021 – Filed November 3, 2021

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

―――――――――

**PER CURIAM:** Robert W. McCaffery appeals his conviction for obstruction of justice and sentence of ten years' imprisonment. McCaffery argues the trial court

erred by denying his motion for a directed verdict because the State did not prove he obstructed justice.

Because there was substantial evidence tending to prove McCaffery was guilty of obstructing justice—including evidence that he initially lied to police regarding his whereabouts, encouraged his paramour to lie to police, and authored a letter that purported to be from his missing wife—we find the trial court did not err by denying McCaffery's motion for a directed verdict. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cope*, 405 S.C. 317, 348, 748 S.E.2d 194, 210 (2013) ("In an appeal from the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State."); *id.* ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." (quoting *State v. Curtis*, 356 S.C. 622, 633, 591 S.E.2d 600, 605 (2004))); *State v. Lyles-Gray*, 328 S.C. 458, 464, 492 S.E.2d 802, 805 (Ct. App. 1997) ("Under common-law obstruction of justice, 'it is an offense to do *any* act which prevents, obstructs, impedes, or hinders the administration of justice.'" (quoting *State v. Cogdell*, 273 S.C. 563, 567, 257 S.E.2d 748, 750 (1979))); *State v. Singleton*, 430 S.C. 546, 553-54, 846 S.E.2d 361, 365 (Ct. App. 2020) (holding evidence showing the defendant intentionally implicated a party he knew to be innocent to protect the guilty party was sufficient to support a charge for common-law obstruction of justice); *State v. Needs*, 333 S.C. 134, 146, 508 S.E.2d 857, 863 (1998) (stating evidence showing a witness concealed information and lied to investigators to protect the defendant was sufficient to support a charge for common-law obstruction of justice); *State v. Love*, 275 S.C. 55, 62, 271 S.E.2d 110, 113 (1980) ("Success in the effort to obstruct justice is not necessary to constitute the offense; it is sufficient if some act is done in furtherance of the endeavor.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.