**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Shane Fordham Brown, Appellant.

Appellate Case No. 2019-001456

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-260
Submitted May 1, 2022 – Filed June 8, 2022

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Caroline Scrantom, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:**  William Shane Fordham Brown appeals his aggregate sentence of forty-five years' imprisonment for murder, first-degree burglary, attempted armed robbery, possession of a weapon during the commission of a violent crime, and conspiracy.  On appeal, Brown argues the trial court erred in allowing the State to call his co-conspirator's attorney as a witness and erred in admitting multiple versions of a letter allegedly written by Brown into evidence.  We affirm.

1.  We hold Brown's co-conspirator Connell Wells waived his attorney-client privilege by voluntarily giving a letter allegedly written by Brown to the State in exchange for plea bargaining purposes.  Therefore, the trial court did not err in permitting Wells's former attorney to testify about the letter for authentication purposes after Wells refused to testify.  *See State v. Love*, 275 S.C. 55, 59, 271 S.E.2d 110, 112 (1980) ("Whether a communication is privileged is for the trial judge to decide in the light of a preliminary inquiry into all of the facts and circumstances; and this determination by the trial judge is conclusive in the absence of an abuse of discretion."); *State v. Douglas*, 369 S.C. 424, 429-30, 632 S.E.2d 845, 848 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Marshall v. Marshall*, 282 S.C. 534, 538, 320 S.E.2d 44, 46-47 (1984) ("Any voluntary disclosure by a client to a third party waives the attorney-client privilege not only as to the specific communication disclosed but also to all communications between the same attorney and the same client on the same subject.").

2.  We hold Brown did not preserve his argument that the trial court erred in admitting the original letter and a copy of the original letter into evidence.  First, Brown stated "no objection" when the trial court asked if he wished to object to the State introducing the copy of the letter into evidence.  We hold Brown waived his pretrial objection to the copy of the letter; therefore, his argument is not preserved for appellate review.  *See State v. Dicapua*, 373 S.C. 452, 455, 646 S.E.2d 150, 152 (Ct. App. 2007) (finding when a party affirmatively states it has "no objection" to evidence being admitted at trial, it has waived any previous objections made in a pretrial motion); *State v. Wood*, 362 S.C. 520, 526, 608 S.E.2d 435, 438 (Ct. App. 2004) ("[M]aking a motion in limine to exclude evidence at the beginning of trial does not preserve an issue for review because a motion in limine is not a final determination.  Thus, the moving party must make a contemporaneous objection when the evidence is introduced." (citations omitted)).  Second, we hold Brown failed to specify the grounds for his objection to the trial court's admission of the original letter into evidence; therefore, his argument is not preserved for appellate review.  *See State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("In order to preserve for review an alleged error in admitting evidence an objection

should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the trial [court]."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.